[No. 14007.  In Bank. — May 5, 1891.]

A. J. SPEAR, RESPONDENT, v. A. J. LYON, APPELLANT.

APPEAL — REVIEW OF CONFLICTING EVIDENCE — Where the evidence upon which a finding is based is conflicting, the finding will not be disturbed.
ID. — STRIKING OUT TESTIMONY — REPETITION OF EVIDENCE. — It is not prejudicial error to strike out the testimony of a witness, given when recalled, as to matters concerning which he has already testified upon his previous examination.

APPEAL from a judgment of the Superior Court of Sutter County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. H. Cobb*, for Appellant.

*Barney & Donohoe*, for Respondent.

GAROUTTE, J.—This is an appeal from the judgment and order denying defendant's motion for a new trial.

On the eighth day of July, 1889, appellant bought of respondent several stacks of hay unmeasured, and agreed to pay therefor at the rate of six dollars per ton, the purchase price to be ascertained by the measurement of the hay, upon the basis of 512 cubic feet to the ton.

The hay was measured, and amounted to 275 tons.

At the time of the purchase, appellant paid twelve hundred dollars upon the contract, took possession of the hay, and forthwith proceeded to bale and remove it from the field.

This is an action to recover the balance of the purchase price.

Appellant's contention is, that as a matter of fact there were only 185 tons of the hay, as shown by the baler's weights, and asks judgment for ninety dollars against the defendant, setting out that respondent represented to him that the hay was of such quality that 512 cubic feet thereof would make a ton; that appellant relied upon such representations, and that they were false, and therefore the agreement to measure the hay upon the basis of so many cubic feet to the ton should be set aside and disregarded.

This contention of appellant as to a warranty is completely answered by the following finding of the court: "That the plaintiff did not make the defendant any false or fraudulent representations with regard to the quality or quantity of said hay, or as to its measurement, or as to the manner in which it was stacked; nor did he make any warranty as to the quality or quantity."

The evidence of the plaintiff and defendant is conflicting upon this point, and we will not disturb the finding.

The order striking out the testimony of the defendant, Lyon, when he was recalled, even if error, was not prejudicial, as he had previously testified to the same matters upon his redirect examination in chief.

Let the judgment and order be affirmed.

DE HAVEN, J., McFARLAND, J., HARRISON, J., and PATERSON, J., concurred.